THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AL DENNIS,<br><br>        Plaintiff,<br><br>v.<br><br>THE HERSHEY COMPANY, GREGORY JOHN PELL, THOMAS C. SMUDA, BENJAMIN J. STOFFEL, MICHAEL R. WEST,<br><br>        Defendants.<br><br>THE HERSHEY COMPANY,<br><br>        Counterclaimant,<br><br>v.<br><br>AL DENNIS,<br><br>        Counterdefendant. | Case No. 3:13-cv-05131 - RBL<br><br>DEFENDANT THE HERSHEY COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT<br><br>AND COUNTERCLAIM FOR BREACH OF CONTRACT, PROMISSORY ESTOPPEL, AND UNJUST ENRICHMENT |

COMES NOW Defendant The Hershey Company ("Hershey")[1] by and through its attorneys, Schwabe, Williamson & Wyatt, and answers Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1.    As to paragraph 1 of Plaintiff's Complaint, Hershey admits that the

---

[1] Because all individual Defendants have simultaneously filed a Motion to Dismiss Plaintiff's Complaint, no response to the allegations is required at this time.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

allegations in Plaintiff's Complaint speak for themselves and that Plaintiff has asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2, and RCW 49.60.180(3).

2.  Paragraph 2 of Plaintiff's Complaint asserts a legal conclusion and, therefore, no answer is required. To the extent an answer is required, Hershey admits that the allegations in Plaintiff's Complaint speak for themselves and that Plaintiff has invoked subject matter jurisdiction pursuant to the statutes cited in paragraph 2 of Plaintiff's Complaint. To the extent implied, Hershey denies this Court has personal jurisdiction over the individual defendants.

3.  As to paragraph 3 of Plaintiff's Complaint, Hershey admits that the allegations in Plaintiff's Complaint speak for themselves and that Plaintiff has asserted claims pursuant to RCW 49.60.180(3) against the individual defendants. To the extent implied, Hershey denies this Court has personal jurisdiction over the individual defendants.

4.  Paragraph 4 of Plaintiff's Complaint asserts a legal conclusion and, therefore, no answer is required. To the extent an answer is required, Hershey admits that this Court may assert supplemental jurisdiction as to Hershey.

5.  Paragraph 5 of Plaintiff's Complaint asserts a legal conclusion and, therefore, no answer is required. To the extent an answer is required, Hershey admits that venue in this district might be proper as to Hershey.

## ADMINISTRATIVE PREREQUISITES

6.  Hershey denies paragraph 6.

7.  Hershey admits that on or about March 28, 2011, Plaintiff notified the EEOC of alleged discrimination charges against Hershey and that on June 1, 2011, Plaintiff submitted his charge of discrimination. Hershey is without sufficient information to admit or deny the remaining allegations contained in paragraph 7 and, therefore, denies them.

8.  Hershey is without sufficient information to admit or deny the allegations

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 2
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

contained in paragraph 8 and, therefore, denies them.

## NATURE OF THE ACTION AND RELIEF SOUGHT

9. As to paragraph 9, the allegations in Plaintiff's Complaint speak for themselves. To the extent an answer is required, Hershey admits that Plaintiff has alleged racial discrimination in this case, but Hershey denies that the alleged acts and/or omissions set forth in Plaintiff's Complaint occurred as alleged.

10. As to paragraph 10, the allegations in Plaintiff's Complaint speak for themselves. To the extent an answer is required, Hershey admits that Plaintiff has alleged race discrimination and intentional infliction of emotional distress in this case, but Hershey denies that the alleged acts and/or omissions set forth in Plaintiff's Complaint occurred as alleged.

11. Hershey denies paragraph 11.

## THE PARTIES

12. Hershey admits that it employed Plaintiff between October 2003 and December 2010. Hershey admits that Plaintiff is an African-American male. Hershey is without sufficient information to admit or deny the remaining allegations in paragraph 12 and, therefore, denies them.

13. Hershey admits that it is a corporation registered in the State of Delaware with its principal place of business in Hershey, Pennsylvania. Hershey admits that it is registered to do business in the State of Washington and that it employs more than fifteen (15) employees. Except as expressly admitted, Hershey denies the allegations in paragraph 13.

14. All individual defendants have simultaneously filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Therefore, no response to paragraph 14 is required. To the extent a response is required, upon information and belief, Hershey admits that Mr. Greg Pell is a resident of the State of Michigan. Hershey admits Mr. Pell held several positions within the company, including District Sales Manager.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 3
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Hershey admits that Mr. Pell has not been employed by Hershey since April 2008. To the extent a response is required and except as expressly admitted, Hershey denies the allegations in paragraph 14.

15. All individual defendants have simultaneously filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Therefore, no response to paragraph 15 is required. To the extent a response is required, Hershey admits that Mr. Tom Smuda is a resident of the Commonwealth of Pennsylvania and is the Vice President of North America Retail. To the extent a response is required and except as expressly admitted, Hershey denies the allegations in paragraph 15.

16. All individual defendants have simultaneously filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Therefore, no response to paragraph 16 is required. To the extent a response is required, Hershey admits that Mr. Ben Stoffel is a resident of the State of Ohio and has held several positions within the company, including South Area Sales Director. To the extent a response is required and except as expressly admitted, Hershey denies the allegations in paragraph 16.

17. All individual defendants have simultaneously filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Therefore, no response to paragraph 17 is required. To the extent a response is required, Hershey admits that Mr. Michael West is a resident of the State of Minnesota and has held several positions within the company, including West Area Retail Director and National Director of Convenience. To the extent a response is required and except as expressly admitted, Hershey denies the allegations in paragraph 17.

## FACTS

18. Hershey denies paragraph 18.

19. Hershey admits it employed Plaintiff. Except as expressly admitted, Hershey denies the allegations in paragraph 19.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 4
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

20. Hershey admits that it currently employs Mr. Smuda, Mr. Stoffel and Mr. West and previously employed Mr. Pell, who is no longer employed with Hershey. Hershey states that the remainder of the allegations in paragraph 20 state a legal conclusion to which no answer is required and, therefore, Hershey denies all allegations in paragraph 20 not expressly admitted.

21. Hershey denies paragraph 21.

22. Hershey denies paragraph 22.

23. Hershey denies paragraph 23.

24. Hershey admits that Plaintiff held the position of Associate District Sales Manager and that Mr. Pell supervised Plaintiff between August 2005 and August 2006 while Mr. Pell was the District Sales Manager in Dallas, Texas. Except as expressly admitted, Hershey denies paragraph 24.

25. Hershey admits that Plaintiff supervised Ms. Roselyn Ratcliff, who was African American. Except as expressly admitted, Hershey denies the allegations contained in paragraph 25.

26. Hershey denies paragraph 26.

27. Hershey denies paragraph 27.

28. Despite a reasonable investigation, Hershey is without sufficient information to admit or deny the allegation that Plaintiff applied for a DSM position in Atlanta. Hershey admits that Plaintiff was not employed as DSM in Atlanta. Except as expressly admitted, Hershey denies the remaining allegations in paragraph 28.

29. Hershey admits Ms. Jill Winters was hired for the DSM position in Atlanta. Except as stated above, Hershey denies the remaining allegations in paragraph 29, including the allegation regarding Ms. Winter's ethnicity, which Hershey is without sufficient information to admit or deny

30. Despite a reasonable investigation, Hershey is without sufficient information

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 5
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

to admit or deny the allegations contained in paragraph 30 at this time and, therefore, denies them.

31. Hershey admits that Plaintiff was hired for the DSM position in Seattle, Washington. Despite a reasonable investigation, Hershey is without sufficient information to admit or deny the remaining allegations in paragraph 31 and, therefore, denies them.

32. Hershey admits that the March 2007 District Review occurred in Southern California. Hershey further admits that Plaintiff had been in the DSM position in Seattle since August 2006. Except as expressly admitted, Hershey denies the remaining allegations contained in paragraph 32.

33. Hershey admits that Plaintiff presented first at the District Review meeting. Except as expressly admitted, Hershey denies the remaining allegations contained in paragraph 33.

34. Hershey denies paragraph 34.

35. Hershey admits that Plaintiff spoke to Mr. West after his presentation at the March 2007 District Review meeting. Except as expressly admitted, Hershey denies the remaining allegations contained in paragraph 35.

36. Hershey denies paragraph 36.

37. Hershey admits that Plaintiff spoke with Mr. Smuda after his presentation at the March 2007 District Review meeting. Except as expressly admitted, Hershey denies the remaining allegations contained in paragraph 37.

38. Despite a reasonable investigation, Hershey is without sufficient information to admit or deny Plaintiff's allegation that he "complained to Haskell" about "West and Smuda" at this time and, therefore, denies this allegation. Hershey denies the remaining allegations in paragraph 38.

39. Hershey denies paragraph 39.

40. Hershey denies paragraph 40.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 6

PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

41. Hershey denies paragraph 41.

42. Hershey admits that Plaintiff spoke to Ms. Sharon Reed about Mr. Mireles on or about April 17, 2007. Except as expressly admitted, Hershey denies the allegations contained in paragraph 42.

43. Hershey admits Plaintiff applied for a position as "Category Development Manager." Except as expressly admitted, Hershey denies the remaining allegations contained in paragraph 43.

44. Hershey admits that Plaintiff applied for a position as the Customer Sales Executive in California and that Plaintiff was not hired for this position. Except as expressly admitted, Hershey denies the remaining allegations contained in paragraph 44.

45. Despite a reasonable investigation, Hershey is without sufficient information to admit or deny the allegations contained in paragraph 45 and, therefore, denies them.

46. Hershey admits Plaintiff applied for a position as DSM in San Antonio, Texas and that Plaintiff was not hired for this position. Except as expressly admitted, Hershey denies the remaining allegations contained in paragraph 46.

47. Hershey admits Ms. Haskell is no longer employed at Hershey. Despite a reasonable investigation, Hershey is without sufficient information to admit or deny the remaining allegations contained in paragraph 47 and, therefore, denies them.

48. Hershey admits it hired Plaintiff in a Cross Development Assignment as C-Store Consumer Sales Executive ("CSE") effective August 17, 2009. Hershey admits that the goals for Plaintiff's Cross Development Assignment included developing Plaintiff with management experience into a CSE to gain the knowledge to compete in the future for senior level management and sales roles within the company, and to help Plaintiff grow in understanding the CSE role, customers, financial aspects and business acumen. Except as expressly admitted, Hershey denies the allegations contained in paragraph 48.

49. Hershey admits that Jon Davis gave Plaintiff training, support and feedback in

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 7
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

connection with Plaintiff's position as CSE. Except as expressly admitted, Hershey denies the allegations contained in paragraph 49.

50. Hershey denies paragraph 50.

51. Hershey denies paragraph 51.

52. Hershey admits that on August 10, 2010, Plaintiff was placed on a Ninety (90) Day Development Plan. Except as expressly admitted, Plaintiff denies the allegations contained in paragraph 52.

53. Hershey admits that on August 16, 2010, Plaintiff stated in an email to his supervisor, Jon Davis, that he believed the plan to be discriminatory, evidencing harassment, and retaliatory. Hershey admits that Plaintiff spoke to Jan Galloway, who investigated Plaintiff's allegation, but Plaintiff never told Ms. Galloway, in August 2010, what he now alleges in paragraph 51 of his Complaint. Hershey further admits that Plaintiff refused to provide Ms. Galloway any more specific details. Hershey admits Ms. Galloway determined there was an error in the consequences section of Plaintiff's Development Plan, which she corrected and reissued to Plaintiff. Except as expressly admitted, Hershey denies the remaining allegations contained in paragraph 53.

54. Hershey admits that Ms. Galloway informed Plaintiff of the results of her investigation after he refused to cooperate or provide the requested information. Hershey further admits that at the time of Plaintiff's voluntary resignation, he had an outstanding balance of $20,260.82 on his corporate credit card for personal purchases, late fees and interest. Hershey states that Plaintiff admitted that he used his corporate card improperly for personal, non-work related purchases, in violation of Hershey's corporate credit card usage policy, which prohibits personal use of credit cards. Hershey fully reimburses its corporate credit card holders who submit requests for reimbursement for authorized business travel expenses and, therefore, Plaintiff agreed to and was also obligated to pay off the balance of the corporate credit card in full each month. Except as expressly admitted, Hershey denies

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 8
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

the remaining allegations contained in paragraph 54.

55. Hershey denies paragraph 55.

56. Hershey admits Plaintiff went on leave pursuant to the Family Medical Leave Act starting on August 30, 2010. Except as expressly admitted, Hershey denies the allegation in paragraph 56.

57. Hershey denies that Plaintiff was constructively discharged on December 20, 2010 and states that it is without sufficient information to admit or deny the remaining allegations in paragraph 57 and, therefore, denies the same.

58. Hershey denies paragraph 58.

### FIRST CLAIM FOR RELIEF: RACIAL DISCRIMINATION

### Title VII – 42 U.S.C. § 2000e-2 (Against Hershey)

59. Hershey incorporates by references its responses to paragraphs 1 through 58 of Plaintiff's Complaint as set forth above.

60. Hershey denies paragraph 60.

61. Hershey admits that Plaintiff is an African-American male and is a member of a protected class. Hershey denies it or any of its supervisory personnel discriminated against Plaintiff on the basis of his race or any other protected class status. To the extent not expressly admitted, Hershey denies paragraph 61.

62. Hershey denies paragraph 62.

63. Hershey denies paragraph 63.

64. Hershey denies paragraph 64.

65. Hershey denies paragraph 65.

66. Hershey denies paragraph 66.

/ / /

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 9
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

## SECOND CLAIM FOR RELIEF: RACIAL DISCRIMINATION –

## CONSTRUCTIVE DISCHARGE

### Title VII – 42 U.S.C. § 2000e-2 (Against Hershey)

67. Hershey incorporates by references its responses to paragraphs 1 through 66 of Plaintiff's Complaint as set forth above.

68. Hershey denies paragraph 68.

69. Hershey denies paragraph 69.

70. Hershey denies paragraph 70.

71. Hershey denies paragraph 71.

## THIRD CLAIM FOR RELIEF: RACIAL DISCRIMINATION –

## HOSTILE WORK ENVIRONMENT

### Title VII (Against Individual Defendants)

72. Hershey incorporates by reference its response to paragraphs 1-71 above of Plaintiff's Complaint as set forth above.

73. Plaintiff's Third Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 73.

74. Plaintiff's Third Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 74.

75. Plaintiff's Third Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 75.

76. Plaintiff's Third Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 76.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 10
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

77. Plaintiff's Third Claim for Relief does not aset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 77.

## FOURTH CLAIM FOR RELIEF: EMPLOYMENT DISCRIMINATION – RETALIATION

### Title VII – 42 U.S.C. § 2000e-2 (Against All Defendants)

78. Hershey incorporates by references its responses to paragraphs 1 through 77 of Plaintiff's Complaint as set forth above.

79. Hershey denies paragraph 79.

80. Hershey admits that Plaintiff is an African-American male and is a member of a protected class. Hershey denies it or any of its supervisory personnel discriminated against or retaliated against Plaintiff. To the extent not expressly admitted, Hershey denies paragraph 80.

81. Hershey denies paragraph 81.

82. Hershey denies paragraph 82.

83. Hershey denies paragraph 83.

84. Hershey denies paragraph 84.

## FIFTH CLAIM FOR RELIEF: EMPLOYMENT DISCRIMINATION – DISPARATE TREATMENT

### RCW 49.60.180(3) (Against All Defendants)

85. Hershey incorporates by references its responses to paragraphs 1 through 84 of Plaintiff's Complaint as set forth above.

86. Hershey denies paragraph 86.

87. Hershey admits that Plaintiff is an African-American male and is a member of a protected class. Hershey denies it or any of its supervisory personnel discriminated against Plaintiff. To the extent not expressly admitted, Hershey denies paragraph 87.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 11
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

88. Hershey denies paragraph 88.

89. Hershey denies paragraph 89.

90. Hershey denies paragraph 90.

91. Hershey denies paragraph 91.

## SIXTH CLAIM FOR RELIEF: EMPLOYMENT DISCRIMINATION – HOSTILE WORK ENVIRONMENT
## RCW 49.60.180(3) (Against All Defendants)

92. Hershey incorporates by references its responses to paragraphs 1 through 91 of Plaintiff's Complaint as set forth above.

93. Hershey denies paragraph 93.

94. Hershey denies paragraph 94.

95. Hershey denies paragraph 95.

96. Hershey denies paragraph 96.

97. Hershey denies paragraph 97.

## SEVENTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against Individual Defendants)

98. Hershey incorporates by reference its response to paragraphs 1-97 of Plaintiff's Complaint as set forth above.

99. Plaintiff's Seventh Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 99.

100. Plaintiff's Seventh Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 100.

101. Plaintiff's Seventh Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 12
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

paragraph 101.

102. Plaintiff's Seventh Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 102.

103. Plaintiff's Seventh Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 103.

104. Plaintiff's Seventh Claim for Relief does not asset a claim against Hershey and, therefore, no answer is required. To the extent an answer is required, Hershey denies paragraph 104.

**RELIEF SOUGHT**

105. Hershey states that the remainder of the allegations in Plaintiff's Complaint, including the "Prayer for Relief," constitute legal conclusions to which no answer is required. To the extent an answer is required, Hershey denies that Plaintiff is entitled to any type of remedy, relief or damages including the relief requested in his Prayer for Relief. Hershey denies each and every allegation of the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Having fully answered Plaintiff's Complaint, and without waiving Plaintiff's burden of proof, Hershey asserts the following affirmative defenses and prays for judgment as set forth below.

1. Plaintiff has failed to exhaust his administrative and/or internal remedies and, therefore, Plaintiff's claims are barred as a matter of law.

2. Plaintiff has failed to state facts sufficient to constitute a cause of action upon which relief can be granted.

3. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 13
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

4. Some or all of Plaintiff's claims are barred by the doctrine of laches.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and estoppel.

6. Some or all of Hershey's conduct was justified and/or privileged, thus barring any recovery against Hershey.

7. To the extent Hershey acquires any evidence of wrongdoing by Plaintiff during the course of this litigation, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment and/or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages, or shall reduce such claims as provided by law.

8. Hershey exercised reasonable care to prevent and correct promptly any unlawful conduct, Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Hershey or otherwise to avoid harm, and the reasonable use of Hershey's internal procedures and remedies would have prevented some, if not all, of Plaintiff's claimed damages from occurring.

9. At all times relevant to the Complaint, Hershey had in place reasonable policies and procedures to address complaints of discrimination and/or retaliation. Plaintiff unreasonably failed to avail himself of any of the Company's procedures and, therefore, is barred from any recovery in this action.

10. Plaintiff's Complaint fails to state a cause of action against Hershey to the extent the alleged misconduct of its employees did not occur during or within the scope of their employment with Hershey.

11. At all times and places, Hershey performed and discharged in good faith each and every obligation it owed, if any, to Plaintiff.

12. Plaintiff has failed to mitigate his damages.

13. Hershey performed and discharged each and every obligation owed to

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 14

PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Plaintiff, if any, except such obligations as Hershey was excused from performing as a result of Plaintiff's conduct and/or failure properly to perform his obligations.

14. Hershey reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

## COUNTERCLAIMS

COMES NOW Defendant and Counterclaimant The Hershey Company ("Hershey") and alleges the following:

## JURISDICTION

1. This Court has supplemental jurisdiction over Hershey's Counterclaims for Breach of Contract, Promissory Estoppel and Unjust Enrichment pursuant to 28 U.S.C. 1367(a).

## FACTS

2. On or about April 7, 2009, Hershey issued Plaintiff-Counterdefendant Al Dennis ("Plaintiff") a corporate credit card, issued by CitiBank, pursuant to Hershey's corporate credit card usage policy and Plaintiff's written acknowledgement that all purchases must be business related, the corporate card was not to be used for personal use.

3. Upon submission of authorized business related expenses, Hershey fully reimbursed employees for those expenses.

4. Pursuant to the terms of the Participating Employee Acknowledgment of Responsibilities, Plaintiff agreed that he would pay the balance of the corporate credit card bill each month.

5. At the time of Plaintiff's voluntary resignation from Hershey, he had an outstanding balance of $20,260.82 on his corporate credit card for personal purchases, late fees and interest.

6. Plaintiff admitted that he used his corporate card improperly for personal, non-work related purchases.

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 15
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

7. Hershey paid Plaintiff's outstanding balance of $20,260.82 on behalf of Plaintiff.

8. Plaintiff promised to repay his outstanding balance, which he never did.

9. Hershey has been damaged and Plaintiff has been unjustly enriched in the amount of $20,260.82 as a result of his actions.

**FIRST COUNTERCLAIM: BREACH OF CONTRACT**

10. Hershey incorporates by reference the allegations set forth in its Counterclaim at paragraphs 1 through 9.

11. Plaintiff agreed to abide by the terms of Hershey's corporate credit card usage policy, which prohibits personal use of credit cards, and to the terms of his agreement that he would not be permitted to use the card for personal use and was required to pay off the balance in full each month.

12. Plaintiff breached that promise by incurring $20,260.82 in personal charges, late fees, and interest on his corporate credit card.

13. As a result of Plaintiff's breach, Hershey paid Plaintiff's debt to the bank.

14. Hershey has demanded Plaintiff's repayment of this debt.

15. Plaintiff has improperly and in violation of his promises to Hershey refused to repay the $20,260.82 paid on his behalf.

16. As a result of Plaintiff's breach, Hershey has been damaged in the amount of $20,260.82 plus interest and attorneys' fees.

**SECOND COUNTERCLAIM: PROMISSORY ESTOPPEL**

17. Hershey incorporates by reference the allegations set forth in its Counterclaim at paragraphs 1 through 16.

18. Plaintiff made clear, unambiguous promises to Hershey that he would (1) abide by the terms of Hershey's corporate credit card usage policy, which prohibits personal use of credit cards, (2) abide by the terms of his agreement that he would not permitted to use

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 16
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

the card for personal use and was required to pay off the balance in full each month, and (3) when the balance of his personal charges equaled $20,260.82 (including late fees and interest), he would repay the balance in monthly installments of $400 until paid in full.

19. Plaintiff made these promises with the reasonable expectation that Hershey would provide him with a corporate credit card and, later, pay off his balance of $20,260.82 with the understanding he would repay Hershey.

20. As a result of Plaintiff's promises, Hershey provided Plaintiff with a corporate credit card and, later, paid off his balance of $20,260.82 to the bank.

21. Hershey justifiably relied upon Plaintiff's promises.

22. Plaintiff has improperly and in violation of his promises to Hershey refused to repay the $20,260.82 paid on his behalf.

23. Hershey has been damaged in the amount of $20,260.82 plus interest and attorneys' fees.

### THIRD COUNTERCLAIM: UNJUST ENRICHMENT

24. Hershey incorporates by reference the allegations set forth in its Counterclaim at paragraphs 1 through 23.

25. Plaintiff received the benefit of Hershey paying his balance of personal charges, late fees, and interest on his corporate credit card.

26. Hershey advised Plaintiff that it paid the balance of his credit card.

27. Plaintiff has been unjustly enriched by inequitably retaining the benefit Hershey conferred by paying Plaintiff's charges for his personal use, late fees, and interest on his corporate credit card.

28. Hershey has been damaged in the amount of $20,260.82 plus interest and attorneys' fees.

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 17
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

**PRAYER FOR RELIEF**

WHEREFORE, Hershey prays for the following relief:

1. That Plaintiff take nothing by the claims and allegations set forth in his Complaint;

2. That Hershey be awarded $20,260.82 plus interest and attorneys' fees on its Counterclaims;

3. That Hershey be awarded the cost of suit;

4. That Hershey be awarded reasonable attorneys' fees incurred by this action; and

5. That such other and further relief be granted in favor of Hershey as the Court deems appropriate.

Dated this 19th day of April, 2013.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ Stephanie P. Berntsen
Stephanie P. Berntsen, WSBA #33072
sberntsen@schwabe.com
Farron D. Lennon, WSBA #40559
flennon@schwabe.com
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206.622.1711
Facsimile: 206.292.0460
*Attorneys for Defendants*

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIM
Case No. 3:13-cv-05131 - RBL - 18
PDX\115894\190032\SPB\11279555.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2013, I served the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS on the following persons:

*Via Electronic Means through the Court's CM/ECF electronic system*

Shelly M. Damore, Esq.
Hitt Hiller Monfils Williams LLP
411 SW 2nd Ave Ste 400
Portland, OR 97204
Telephone: (503) 228-8870
Facsimile: (503) 228-4250
E-Mail: sdamore@hittandhiller.com

/s/ Stephanie P. Berntsen
Stephanie P. Berntsen

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\115894\190032\SPB\11279555.1