HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AL DENNIS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HERSHEY COMPANY, GREGORY JOHN PELL, THOMAS C. SMUDA, BENJAMIN J STOFFEL, MICHAEL R. WEST,<br><br>    Defendants. | CASE NO. C13-05131-RBL<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>(Dkt. #9) |

THIS MATTER is before the Court on Defendants' Motion to Dismiss for lack of personal jurisdiction. (Dkt. # 9). Plaintiff Dennis was a former employee of the Hershey Company. He sued Hershey and four of his former co-workers for race discrimination and disparate treatment under Title VII of the Civil Rights Act of 1964 and the Washington Law Against Discrimination, Wash. Rev. Code § 49.60 *et seq.*, as well as for intentional infliction of emotional distress (IIED).

Plaintiff claims damages of $2,250,000 and attorney's fees. The individual Defendants move to dismiss for lack of personal jurisdiction, arguing that none have sufficient personal contacts with Washington State to support this Court's jurisdiction.

1    Dennis argues that the individual Defendants' contacts with Washington made in their
2 capacities as corporate officers are sufficient to support personal jurisdiction.
3    For the reasons below, Dennis' Title VII claims against the individual Defendants are
4 dismissed regardless of jurisdiction.  Dennis has 20 days to amend his complaint with respect to
5 the IIED claim.  Defendants' Motion to Dismiss the WLAD claims for lack of personal
6 jurisdiction is **GRANTED**.

7                           **I.     BACKGROUND**

8    Defendant Hershey's is a Delaware corporation, with its principal place of business in
9 Hershey, Pennsylvania.  Hershey's does not contest this Court's jurisdiction and has filed an
10 Answer and counterclaims against Dennis for charges made on the company credit card. (Dkt.
11 #14).

12        **A.  Residency of Parties**

13    Defendant Pell resides in Michigan and is a district sales manager at Hershey's. Pell has
14 never been to Washington State.  Defendant Smuda resides in Pennsylvania and is the vice
15 president of field sales at Hershey's.  Defendant Stoffel resides in Ohio and is the south area
16 district sales director at Hershey's.  Defendant West resides in Minnesota and is the area sales
17 director at Hershey's. (Compl. ¶¶ 13–17).

18    From 2003 to 2010, Dennis worked as an associate district sales manager in Texas and
19 was promoted to district sales manager in Seattle.  *Id*. ¶¶ 24, 31.

20        **B.  Allegations of Discrimination**

21    While in Texas, Dennis alleges that Smuda, Pell, and Stoffel "belittled" him for refusing
22 to terminate an employee.  Later, Dennis applied for and was denied a district sales manager
23 position in Atlanta. Stoffel, the district sales director, oversaw hiring for the position.  Dennis
24

claims that Stoffel retaliated against him for his earlier refusal to terminate the employee and refused him the promotion. *Id*. ¶¶ 28–30.  Dennis complained to the director of human resources, to no avail.  In September 2006, Hershey's promoted Dennis to district sales manager in Seattle. *Id*. ¶ 30.

In March 2007, a quarterly district-review meeting was held in California. (Smuda Decl. ¶ 10).  Dennis was the only African American at the meeting.  He claims that Smuda and West (his direct supervisor in Seattle) scheduled him to present first.  During his presentation, Smuda, Stoffel, and West harshly criticized and belittled Dennis' performance.  Compl. at ¶¶ 33–34.  After unsuccessfully complaining to West, Dennis confronted Smuda.  In response, Smuda insulted Dennis and called him names. *Id*. ¶¶ 36–37.  Dennis complained to the director of human resources, but no disciplinary action was taken. *Id*.

In 2008, Stoffel asked Dennis to terminate another employee, and Dennis refused.  Dennis alleges that Stoffel retaliated against him by denying him a position as customer sales executive in California.  Dennis applied for and did not obtain three more positions. *Id*. ¶¶ 43–46.  Dennis claims the denials were the result of racial discrimination rather than for refusing to terminate the employee.  He bases these claims on the fact that the positions were eventually filled by allegedly less-qualified, white employees. *Id*.  Dennis again complained to the director of human resources, who suggested he find another job. *Id*. ¶ 45.

Dennis eventually accepted a position as a customer sales executive in what Hershey's calls the "west area."  In the summer of 2010, at the Hershey's national sales meeting in Florida, Dennis alleges that Smuda called him a "nigger" in the presence of other Hershey's employees. *Id*. ¶ 51.  Dennis complained about the incident to West, who suggested he find another job.

Hershey's put Dennis on a "90-day development plan." Dennis refused to sign the plan and complained to Human Resources. *Id*. ¶ 53.

In August 2010, Dennis took leave under the Family Medical Leave Act due to the stress. *Id*. ¶ 56. Dennis claims that his psychiatrist advised him not to return to work and that he was constructively discharged in December 2010. *Id*. ¶ 57. Three years later, Dennis filed his lawsuit.

### C. Defendants' Arguments

The individual Defendants move to dismiss for lack of personal jurisdiction. They argue that their Washington contacts were made only in the performance of their official duties as corporate officers and that they do not have the minimum contacts required for personal jurisdiction. (Dkt. # 9 at 11).

Dennis argues that the Defendants' status as employees does not shield them from jurisdiction. He claims that their contacts with Washington made solely through their capacities as Hershey's employees are sufficient for personal jurisdiction. He also argues that the Defendants purposefully availed themselves of the laws of Washington by committing an intentional tort. (Dkt. #17 at 3-4).

## II.   DISCUSSION

### A. Personal Jurisdiction

The plaintiff bears the burden of showing that this Court has personal jurisdiction. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 379 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991). He must make only a prima facie showing of jurisdiction as this motion is being decided without an evidentiary hearing. *Id.* The plaintiff's uncontroverted statements must be considered true and factual conflicts must be resolved in his favor. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

Jurisdiction must comport with the state long arm statute and with constitutional due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Washington's long-arm statute, Wash. Rev. Code § 4.28.185, represents legislative intent to assert personal jurisdiction over a foreign entity to the full extent permitted by due process. *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 95 Wash. App. 462, 465 (1999). "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Defendants' conduct and connections with the forum state must be such that the defendants "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Dennis does not allege that the Court has general jurisdiction over the individual Defendants, and the Court will address only whether it has specific jurisdiction. The Ninth Circuit employs a three-part test to determine whether a court has specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

1  The plaintiff bears the burden of alleging the first two prongs of the test. If successful,
2  the defendant bears the burden of showing that an exercise of jurisdiction would not be
3  reasonable. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).
4  To determine the first prong in cases of intentional tort, the Court applies the purposeful
5  direction, "*Calder*-effects" test. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.
6  2002). To satisfy the purposeful direction test, the plaintiff must allege that the defendant "(1)
7  committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the
8  defendant knows is likely to be suffered in the forum state." *Id*.
9  The Court assesses each of Dennis' claims separately.

**1. Title VII Claims**

The Ninth Circuit has consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees. *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003); *see also Pink v. Modoc Indian Health Project*, 157 F.3d 1185, 1189 (9th Cir. 1998); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993). Dennis' Title VII claims against the individual Defendants are insufficient as a matter of law and are dismissed.

**2. Intentional Infliction of Emotional Distress**

Dennis alleges that Defendants purposefully availed themselves of Washington state law under the *Calder*-effects test by committing the tort of intentional infliction of emotional distress against him, knowing that he would suffer the effects of that tort here. Therefore, the Court's personal jurisdiction over the Defendants with regard to the IIED claim depends on the viability of the IIED claim.

As currently pled, Dennis' IIED claim is insufficient as a matter of law. A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

In Washington, outrage and intentional infliction of emotional distress are the same tort, and require the plaintiff to prove (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, (3) and actual severe emotional distress. *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189 (W.D. Wash. 2008); *see also Kloepfel v. Bokor*, 149 Wash. 2d 192, 66 P.3d 630 (2003). The tort of outrage does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Id*. Claims for IIED "must be predicated on behavior 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id*. at 196 (quoting *Grimsby v. Samson*, 85 Wash. 2d 52, 59, 530 P.2d 291 (1975)). Emotional distress cannot merely be embarrassment or humiliation. *Pettis v. State*, 98 Wash. App. 553, 990 P.2d 453 (1999).

Dennis has not asserted how Defendants' actions constitute extreme or outrageous conduct beyond "mere insults [or] indignities." Indeed, Dennis alleges only insults, which are as a matter of law insufficient. Nor has Dennis asserted any facts to support the contention that his alleged emotional distress was severe. Dennis has not asserted any symptoms of severe distress. Thus, Dennis' IIED claim cannot support personal jurisdiction over the individual defendants.

Dennis shall amend his complaint as to his IIED claim within 20 days. Otherwise, even assuming jurisdiction, this Court will *sua sponte* dismiss the IIED claim.

**3. WLAD Claims**

Dennis argues that the Court should apply the *Calder*-effects test to establish that this Court has personal jurisdiction over the Defendants based solely on the contacts they had with Washington in their corporate capacities.

The Court declines to apply the *Calder*-effects test to Dennis' WLAD because "it is well-established that the *Calder* test applies only to intentional torts" and not to statutory claims. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007); *see Calder*, 465 U.S. at 789 (distinguishing between intentional action and untargeted negligence); *see also Dole Food Co., Inc.*, 303 F.3d at 1111.

Therefore, the Court will consider whether Dennis has alleged that Defendants purposefully availed themselves of the benefits and protections of Washington law such that they could reasonably anticipate being haled into court here. *See World-Wide Volkswagen Corp*, 444 U.S. at 297. As alleged, the conduct of the Defendants does not amount to such purposeful availment.

Dennis claims hostile work environment and racial discrimination under Washington law. He alleges two specific incidents to support his claim of a hostile work environment: when Defendants allegedly harshly criticized and belittled him in California, and when defendant Smuda allegedly called him a "nigger" in Florida. Compl. at ¶33, 51. Taking these allegations as true, Defendants did not "conduct activities" in Washington under the Ninth Circuit test. Defendants' conduct while in California and Florida simply does not invoke the benefits and protections of Washington law. Dennis' residence in Washington does not dictate where the Defendants can reasonably expect to be haled into court. Further, Dennis' argument that he felt the effects of "humiliation" in Washington is not helpful for his statutory claims. Therefore,

1  because the conduct Dennis alleges in support of his hostile work environment claim took place
2  outside the forum state, they do not suffice for purposeful availment under the Ninth Circuit
3  specific jurisdiction test.
4     In support of his discrimination claim, Dennis alleges that Defendants failed to promote
5  him several times, and that these failures were part of a "pattern and practice" of racial
6  discrimination. Compl. ¶ 45. These allegations are omissions that do not amount to "conducting
7  activities in the forum" by the individual Defendants. They do not result in the individual
8  Defendants "invoking the benefits and protections" of Washington law because, by failing to
9  promote Dennis, they did not direct their activities at Washington. Again, Dennis' argument that
10 he felt the effects of the Defendants' actions in Washington is not helpful for his statutory
11 claims.
12    Furthermore, finding that the Defendants' alleged conduct constitutes purposeful
13 availment would offend "traditional notions of fair play and substantial justice." If the Court
14 found otherwise, every mid-level manager of a multi-state corporation would be subject to
15 personal jurisdiction in any state where he or she oversees employees. But a manager could not
16 and should not "reasonably anticipate being haled into court" in any state where he or she
17 oversees employees—especially where the manager has no say in the location of his or her
18 employees. This is particularly true where, as here, the corporation itself is subject to
19 jurisdiction. Dennis has failed to establish purposeful availment.
20    Accordingly, Dennis has not met his burden of demonstrating that Defendants had the
21 required contacts to support personal jurisdiction with regard to the WLAD claims. Dennis'
22 WLAD claims against the individual defendants are therefore dismissed for want of jurisdiction.

### III. CONCLUSION

For the reasons explained above, Dennis' Title VII claims against the individual Defendants are dismissed regardless of jurisdiction. Dennis has 20 days to amend his complaint with respect to the intentional infliction of emotional distress claim. Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED** with respect to Dennis' WLAD claims.

Dated this 28th day of June, 2013.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE