HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AL DENNIS,

        Plaintiff,

v.

THE HERSHEY COMPANY,

        Defendant.

CASE NO. 3:13-cv-05131-RBL

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

(Dkt. # 30)

THIS MATTER is before the Court on Defendant's Motion to Dismiss count 2 (constructive discharge), count 5 (hostile work environment), and count 6 (intentional infliction of emotional distress) of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c). [Dkt. #---] It alleges that Plaintiff Dennis failed to demonstrate that he is entitled to relief for his claims. Hershey also renews its request for attorneys fees on behalf of individual defenednats initially named in the suit but not named in Dennis' amended complaint. (Dkt. #30). Hershey argues that the claims were frivolous under RCW 4.28.185(5).

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Dennis, a former Hershey employee, sued Hershey and four of his former co-workers for race discrimination and disparate treatment under Title VII of the Civil Rights Act of 1964, the

1  Washington Law Against Discrimination (WLAD), Wash. Rev. Code § 49.60 *et seq*., and for
2  intentional infliction of emotional distress (IIED). (Dkt. #1). The individual Defendants moved
3  to dismiss the claims against them for lack of personal jurisdiction. (Dkt. #9). This Court
4  granted the motion and dismissed all claims against the individual defendants, except the IIED
5  claim. (Dkt. #27). Plaintiff's IIED claims were insufficient as a matter of law, but the Court
6  gave Plaintiff 20 days to remedy them or face dismissal. Plaintiff timely amended his complaint
7  and deleted his claims against the individuals, but he did not otherwise amend his claims. (Dkt.
8  #28).

9  Hershey, now as the lone defendant, does not challenge the legal sufficiency of Dennis'
10 claims for racial discrimination, disparate treatment, and retaliation. Their current Motion to
11 Dismiss challenges only Dennis' claims of IIED, constructive discharge, and hostile work
12 environment. (Dkt. #30).

13                    **II.     DISCUSSION**

14     **A.  Standard of Review**

15     Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal
16 theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*
17 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state
18 a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, *Iqbal*, 129 S.
19 Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads
20 factual content that allows the court to draw the reasonable inference that the defendant is liable
21 for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-
22 pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise
23 proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007);
24

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

### B. Count 6: Intentional Infliction of Emotional Distress

Plaintiff asserts IIED claims against Defendant Hershey. This Court, has already explained that "[the Plaintiff] Dennis' IIED claim is insufficient as a matter of law." (Dkt. #27). Despite the opportunity to correct this claim, Plaintiff has chosen to rely on the same allegations that were previously rejected. (*Compare* Compl. (Dkt. #1) ¶¶ 98-104, with Am. Compl. (Dkt. #28) ¶¶92-98). Plaintiff's IIED claim against Hershey remains insufficient as a matter of law. Defendant's Motion to Dismiss Plaintiff's IIED claim is GRANTED, and that claim is DISMISSED with prejudice.

### C. Count 2: Constructive Discharge

Plaintiff claims constructive discharge under Title VII of the Civil Rights Act of 1964. Defendant moves to dismiss for failure to allege facts sufficient to support the claim. In order to survive a motion to dismiss on a claim of constructive discharge, Plaintiff must allege facts that demonstrate that his "working conditions [had] become so intolerable that a reasonable person in [his] position would have felt compelled to resign." *Penn. State Police v. Suders*, 542 U.S. 129, 141 (2004). "A plaintiff alleging a constructive discharge must show some aggravating factors, such as a continuous pattern of discriminatory treatment." *Schnidrig*, 80 F.3d at 1412. Although

"a single isolated incident is insufficient as a matter of law to support a finding of constructive discharge," *id*. at 1411–12, "[the Court] has upheld factual findings of constructive discharge when the plaintiff was subjected to incidents of differential treatment over a period of months or years." *Watson v. Nationwide Ins. Co.,* 823 F.2d 360, 361; accord *Satterwhite v. Smith,* 744 F.2d 1380, 1383 (9th Cir.1984); see also *Goss v. Exxon Office Sys. Co.,* 747 F.2d 885, 887–89 (3d Cir.1984); *Real v. Continental Group, Inc.,* 627 F.Supp. 434, 443–44 (N.D.Cal.1986).

Here, accepting as true the facts plead in the Complaint, Dennis has offered evidence of a pattern of discrimination by Hershey based on his race which stretches years of employment. The discriminatory conduct supported by the evidence includes passing over Dennis for multiple job opportunities, requiring him to fire another black employee, harassment and insults directed at him, use of racially derogatory terms aimed at him, and a lack of recourse for his claims of discrimination. The evidence presents a continuing pattern of hostility and discriminatory conduct that went largely unaddressed by Hershey and "allow[s] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

The Defendant alleges that the nearly four months between when Dennis began his medical leave and when he eventually resigned is sufficient to dismiss the constructive discharge claim because during that period away from work he would not have been subject to any intolerable working conditions. However, the working conditions had not changed during the period Dennis was away from work on medical leave. Hershey had not taken any action to remedy the intolerable working conditions which Dennis complained about.

Hershey cites two cases in support of its allegation that the duration of time between the harassment and resignation is sufficient for dismissal of the constructive discharge claim. See *Montero v. AGCO Corp.*, 192 F.3d 856 (1999); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459

1  (1994). But in both *Montero* and *Steiner*, the defendant companies had taken steps to remedy the
2  harassing behavior before the plaintiffs eventually resigned, months later. In this case, there is
3  no evidence that Hershey took any steps to remedy the intolerable working conditions and
4  therefore, the duration of time before Dennis' actual resignation is insufficient to dismiss the
5  claim.

6  Defendant's Motion to Dismiss Plalintiff's constructive discharge claim is DENIED.

7  **D. Count 5: Hostile Work Environment**

8  Plaintiff alleges a claim for hostile work environment under the Washington Law Against
9  Discrimination (WLAD). In order to survive a motion to dismiss, Plaintiff must allege facts that
10 demonstrate: "(1) that he was subjected to verbal or physical conduct of a racial nature; (2) that
11 the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter
12 the conditions of [his] employment and create an abusive work environment." *Knight v. Brown*,
13 797 F.Supp.2d 1107, 1131 (W.D. Wa. 2011).

14 Here, accepting the facts within the Complaint as true, Plaintiff has offered evidence that
15 he was subject to a racially hostile work environment over a period of several years. Plaintiff's
16 Complaint provides evidence of racial discrimination in denying Dennis promotions and calling
17 him a "nigger" in the presence of other employees, and of retaliation for him refusing to fire
18 another black employee. Plaintiff also proves that the conduct was unwelcome by presenting
19 facts related to repeated attempts to report the discriminatory behavior of his co-workers. Taken
20 together, these facts demonstrate sufficient evidence to maintain a claim for hostile work
21 environment.

22 Defendant's Motion to Dismiss Plaintiff's hostile work environment claim is DENIED.

23

24

### E. Attorney's Fees for Individual Defendants

Hershey seeks attorneys' fees for the individual defendants under to RCW 4.28.185(5). Under this statute, the court has discretion to award attorneys' fees when defendants are personally served outside the state on causes of action enumerated in section (1)(a)-(f), and prevail in this action. RCW 4.28.185(5). While the individual Defendants did prevail in some of the claims against them, they were subsequently removed from the action by the Plaintiff in the amended complaint. An award of attorneys' fees to the individual Defendants is DENIED.

### III.   CONCLUSION

Defendant Hershey's Motion to Dismiss Plaintiff's IIED claim is GRANTED. Defendant's Motion to Dismiss Plaintiff's constructive discharge and hostile work environment claims is DENIED. The request for fees is DENIED.

Dated this 5th day of September, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE