HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AL DENNIS, | CASE NO. C13-5131 RBL |
| Plaintiff, | ORDER GRANTING HERSHEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| THE HERSHEY COMPANY, | [DKT. #38, #42, AND #43] |
| Defendant. | |

This matter is before the Court on Defendant The Hershey Company's Motion to dismiss Plaintiff Alphonso Dennis' claims of discrimination, constructive discharge, and disparate treatment. (Dkt. #38.)

Dennis worked at Hershey's from October 2003 to December 2010. In July 2013, Dennis filed this lawsuit alleging several claims of racial discrimination under federal and state law. Hershey's argued for the dismissal of the race discrimination, retaliation, and disparate treatment claims as time-barred. Dennis contends that his claims are not time-barred because Hershey's repeated discrimination qualified as continuing violations that receive extended limitation periods. Dennis has failed, however, to present any actual evidence to support his allegations of Hershey's discrimination. Therefore, Hershey's Motion is GRANTED.

## I. BACKGROUND

Dennis worked for Hershey's from October 2003 until December 2010. He alleges that on several occasions his supervisors, including Defendants Pell, Smuda, Stoffel, and West, engaged in, or condoned, racial discrimination. Dennis, who is black, alleges that Defendants twice requested him to fire or deny a promotion to a racial minority employee so that Defendants could avoid racial discrimination charges. Dennis also alleges that on multiple occasions, Defendants promoted employees with less managerial experience and qualifications to positions that he applied for. He further describes instances where Defendants publicly harassed him, including an incident when Smuda loudly called him racially derogatory names. He claims that he reported the discrimination to Hershey's human resources personnel but no corrective action was taken.

Dennis did not return to work after an extended medical leave. He was constructively discharged in December 2010. He filed charges with the Equal Opportunity Employment Commission ("EEOC") in March and June 2011, and filed this lawsuit in 2013.

## II. DISCUSSION

Hershey's argues that Dennis' claims of race discrimination, retaliation and disparate treatment should be dismissed because his failure to promote claim is barred by the statue of limitations. Hershey further claims that Dennis failed to exhaust his administrative remedies. Dennis countered that the failure to promote claim is only one incidence in a series of continuing violations, and other related violations fall within the applicable time period. However, Dennis did not offer any evidence that he was actually discriminated against, let alone evidence of repeated discrimination that ended within the statute of limitations.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."  *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor."  *Triton Energy*, 68 F.3d at 1220.  Nonmoving parties must submit the proper evidentiary materials, beyond the mere pleadings, to oppose summary judgment. *Celotex Corp.*, 477 U.S. at 324.

Dennis failed to offer any declarations, exhibits or other evidence in support his allegations.  He merely filed an Amended Complaint and Response to Hershey's Motion containing a series of allegations.  Although the allegations detail a lengthy period of overt, blatant and hostile discrimination, allegations without evidentiary support cannot defeat summary judgment.  *Celotex*, 477 U.S. at 324 (noting that the nonmoving party cannot survive a summary judgment motion by "the mere pleadings themselves.")

Hershey's Motion is therefore GRANTED, and Dennis' claims for racial discrimination, retaliation, and disparate treatment are dismissed with prejudice.

Dated this 31st day of January, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE